UNITED STATES DISTRICT COURT  O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ARTIS RYAN MILLER, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 5:11-cv-68 |
| | § | CRIMINAL ACTION NO. 5:08-cr-347 |
| UNITED STATES OF AMERICA. | § | |
| | § | |
| | § | |

**OPINION AND ORDER**

Pending before the Court is Artis Ryan Miller's ("Miller") self-styled "Motion to Reconsider and/or Alter Judgment."[1] After considering the motion, record, and relevant authorities, the Court **DISMISSES** the motion because the Court does not have jurisdiction to consider it.

**I.      Background**

The Court issued an opinion and order dismissing Miller's § 2255 motion in its entirety on May 15, 2013.[2] Final Judgment was entered on May 16, 2013.[3]

On June 4, 2013 Miller filed the present motion. In the motion, Miller asks the Court to reconsider its opinion and order *denying* Miller's 28 U.S.C. § 2255 motion. Technically, the Court *dismissed* Miller's § 2255 motion, but it is clear that Miller is asking the Court to reconsider its May 15, 2013 opinion and order.

**II.     Analysis**

In his motion, Miller states that he is moving pursuant to Federal Rule of Civil Procedure 59(a) and (e). In *Gonzalez v. Crosby*,[4] the Supreme Court dealt with a situation similar to the

---

[1] Dkt. No. 19.
[2] Dkt. No. 15.
[3] Dkt. No. 16.

one now facing this Court when Aurelio Gonzalez, a § 2254 petitioner, filed a Rule 60(b) motion. In *Gonzalez* the Supreme Court found that a Rule 60(b) motion could not be used to circumvent § 2244's limits on second or successive motions.[5] Later, the Fifth Circuit applied *Gonzalez* in the § 2255 context.[6] In *Williams v. Thaler*, the Fifth Circuit explained that the rationale in *Gonzalez* is also applicable to motions under Rule 59(e).[7]

Although the Court is unaware of any Fifth Circuit precedent applying *Gonzalez* to a motion under Rule 59(a), after reviewing the Fifth Circuit's rationale for expanding *Gonzalez* to a Rule 59(e) motion in *Williams*, the Court finds that *Gonzalez* is also applicable to Miller's request for relief under Rule 59(a). This view is supported by Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts which states:

> The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, *to the extent they are not inconsistent with any statutory provisions or these rules*, may be applied to a proceeding under these rules.[8]

Therefore, all of the Federal Rules of Civil Procedure, including Rule 59(a), are only applicable to the extent that they are not inconsistent with federal statutes or the Rules Governing Section 2255 Proceedings. Furthermore, there are statutory provisions that dramatically limit Rule 59(a)'s applicability to this case. First, 28 U.S.C. § 2244(a) states:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.[9]

Section 2255 states in relevant part:

---

[4] Gonzalez v. Crosby, 545 U.S. 524 (2005).
[5] *Id*. at 528-36.
[6] United States v. Hernandes, 708 F.3d 680, 681 (5th Cir. 2013) (citation omitted).
[7] Williams v. Thaler, 602 F.3d 291, 301-04 (5th Cir. 2010).
[8] 28 U.S.C. § 2255, Proc. R. 12 (emphasis added).
[9] 28 U.S.C. § 2244(a).

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[10]

Turning to the Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 9 states: "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."[11]

To be clear, if Miller's "Rule 59" motion is actually a second or successive § 2255 motion, this Court does not have jurisdiction to consider the motion because Miller has not obtained the proper authorization from the Fifth Circuit Court of Appeals. Therefore, the Court must first determine whether Miller's "Rule 59" motion is a second or successive § 2255 motion. If the Court finds that Miller's "Rule 59" motion is not a second or successive § 2255 motion, only then will it consider whether Miller is entitled to relief under Rule 59(a) or (e).

The Court now considers whether Miller's "Rule 59" motion is a second or successive § 2255 motion. In *Hernandez v. Thaler*, the Fifth Circuit contrasted impermissible and permissible uses of Rule 60(b) motions:

> We should adjudicate Hernandez's latest filing on its merits if possible, and Rule 60(b)(6) provides a mechanism through which we can do so. A habeas petitioner cannot use 'Rule 60(b) to present new claims for relief from a state court's judgment of conviction' or to 'attack[] the federal court's previous resolution of a claim *on the merits*.' However, where a habeas petitioner 'merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as . . . statute-of-limitations bar,'

---

[10] 28 U.S.C. § 2255(h).
[11] 28 U.S.C. § 2255, PROC. R. 9.

> Rule 60(b) empowers a federal court to hear the petitioner's challenge. Specifically, when the petitioner's motion 'alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d),' then 'allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules.'[12]

> In *United States v. Hernandes*, the Fifth Circuit explained:

> In *Gonzalez,* the Supreme Court distinguished between those Rule 60(b) motions that 'advance[] one or more claims' from Rule 60(b) motions that 'attack[], not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.' The former should be construed as successive habeas petitions, whereas the latter are bona fide Rule 60(b) motions. Among the express types of motions that fit into the former category, the Supreme Court included motions that 'attack[] the federal court's previous resolution of a claim *on the merits.*'[13]

Therefore, if Miller's "Rule 59" motion attacks the Court's resolution of his 2255 motion "on the merits," the Court must construe it as a second or successive motion and dismiss it for lack of jurisdiction. If, on the other hand, Miller is attacking a "defect" in the integrity of the proceedings, the Court must determine whether the attack has merit under Rule 59.

Central to this analysis are the concepts of "on the merits" and "defect." In *Gonzalez*, the Supreme Court explained the following regard these terms:

> The term 'on the merits' has multiple usages. See, *e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 501-503 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.[14]

> Fraud on the federal habeas court is one example of such a defect. We note that an attack based on the movant's own conduct, or his habeas counsel's omissions

---

[12] Hernandez v. Thaler, 630 F.3d 420, 427-28 (5th Cir. 2011) (internal citations omitted).
[13] *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (quoting Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)).
[14] Gonzalez v. Crosby, 545 U.S. 524, 532 n.4 (2005).

> . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.[15]

Therefore, with these definitions in mind, the Court will consider whether in Miller's "Rule 59" motion he is advancing new claims/challenging the Court's previous decision on the merits or if he is attacking a defect in the § 2255 proceeding.

As an initial matter, the Court notes that it considered Miller's § 2255 petition on the merits. And after carefully reviewing Miller's "Rule 59" motion, the Court finds that Miller's motion does no more than challenge the Court's previous resolution of his claims on the merits. While Miller does advance new theories in support of those original claims, he does not assert that there was a defect in the § 2255 proceedings themselves. Even the new argument that the Court "is overlooking the evidence of the jail log sheets"[16] is an attack on the merits. The Court specifically addressed the jail log sheet in its opinion and order dismissing Miller's § 2255 motion.[17] Similarly, Miller's complaint that the Court found that he was not challenging the amount of drugs in his possession conviction[18] is unavailing to Miller because this issue was specifically addressed and resolved against Miller.[19]

After reviewing Miller's "Rule 59" motion, the Court finds that it does not allege that there were defects in the § 2255 proceeding. Instead, the motion is actually a second or successive § 2255 motion. Because Miller did not obtain pre-approval from the Fifth Circuit Court of Appeals to file this motion, the Court does not have jurisdiction to consider it.

---

[15] *Id*. at 532 n.5 (2005) (citations omitted).
[16] Dkt. No. 19 at p. 3 (The Court notes that Miller has produced 1 jail log sheet, not multiple sheets.).
[17] Dkt. No. 15 at pp. 20-21.
[18] Dkt. No. 19 at p. 2.
[19] Dkt. No. 15 at p. 11.

### III. Conclusion

After considering Miller's motion, the record, and the relevant authorities, the Court finds that the motion is actually a second or successive motion under 28 U.S.C. § 2255. Because the Court does not have jurisdiction to consider a second or successive motion under 28 U.S.C. § 2255, the Court **DISMISSES** the motion. Should Miller seek a certificate of appealability on the Court's dismissal of his "Rule 59" motion, the same is **DENIED**.

IT IS SO ORDERED.

DONE this 27th day of June, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE